```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| KRISTY TANAKA, )<br>        )<br>    Plaintiff, )<br>        )<br>vs.     )<br>        )<br>DEREK KAAUKAI, )<br>        )<br>    Defendant. )<br>_____ ) | Civ. No. 20-00205 SOM-RT<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE |

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE

On May 11, 2020, Plaintiff Kristy Tanaka filed a Complaint, asserting that Defendant Derek Kaaukai, a police officer, unlawfully searched her home and seized her cellular phone in violation of the federal Constitution. *See* ECF No. 1. That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). *See* ECF No. 4.

To proceed *in forma pauperis*, a plaintiff must submit an affidavit that includes a statement of the assets the plaintiff possesses and a statement that the plaintiff is unable to pay the cost of this proceeding or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the information provided by Plaintiff, the court determines that she has satisfied these requirements.

The court also screened the Complaint and finds that Plaintiff pleads claims in a manner sufficient to support an IFP Application. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203

F.3d 1122, 1129 (9th Cir. 2000).  This, of course, does not mean that the court deems Plaintiff's claims to be valid.  Defendant may file motions seeking dismissal or for summary judgment with respect to the Complaint for any number of reasons the court may not have envisioned.

The court GRANTS Plaintiff's Application.  The court provides the following orders regarding service of the Complaint:

(1) The Clerk of Court shall send Plaintiff three copies of the Complaint, two completed summons, one Notice of a Lawsuit and Request to Waive Service of a Summons forms (AO 398), two Waiver of the Service of Summons forms (AO 399), an instruction sheet, and two copies of this order.  The Clerk shall send a copy of this order to the U.S. Marshals Service.

(2) Plaintiff shall fully complete the forms with respect to the Defendant and return them to the U.S. Marshals Service, 300 Ala Moana Boulevard, Room C-109, Honolulu, Hawaii 96850, along with a copy of the Complaint, this order, and the summons to be provided to the Defendant.

(3) The U.S. Marshal shall mail to the Defendant a copy of the Complaint, a copy of this order, a completed Notice of Lawsuit and Request for Waiver of Service of Summons form, and two completed Waiver of Service of Summons forms.  The U.S. Marshals Service shall retain the summons and a copy of the Complaint.

(4) Defendant may return one Waiver of Service of Summons form to the U.S. Marshals Service within thirty days from the date the request is mailed.  If Defendant fails to return the form within thirty days, the U.S. Marshals Service shall personally serve the Defendant.  Within ten days after personal service is effected, the U.S. Marshals Service shall file the return of service for the Defendant with evidence of any attempts to secure a waiver of service of summons and the costs incurred in effecting service.  These costs will be taxed against the personally served Defendant.  *See* Fed. R. Civ. P. 4(d)(2).

(5) Defendant shall file an answer or other responsive pleading within the time provided in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1).  Failure to do so may result in the entry of default and default judgment.

(6) After the U.S. Marshals Service has served the Complaint, Plaintiff shall serve upon Defendant, or upon Defendant's counsel if counsel's appearance has been entered, a copy of every further pleading, motion, or other document submitted to the court pursuant to Federal Rule of Civil Procedure 5(b).  With every original document Plaintiff seeks to file, Plaintiff must include a certificate stating the manner in which a true and correct copy of that document has been served on Defendant and the date of that service.  *See* Local Rule 5.6

(Proof of Service).  Any document received by the court that is not properly filed with the Clerk or that fails to include a certificate of service may be disregarded.

(7) Plaintiff shall immediately inform the court of any change of address in writing by filing a document that bears the title "Notice of Change of Address."  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Tanaka v Kaaukai*, Civ. No. 20-00205 SOM-RT; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE.