```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| KRISTY TANAKA, | ) | Civ. No. 20-00205 SOM-RT |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) ) | MOTION FOR SUMMARY JUDGMENT, TEMPORARY RESTRAINING ORDER, |
| DEREK KAAUKAI, | ) ) | AND PRELIMINARY INJUNCTION |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION**

On May 11, 2020, Plaintiff Kristy Tanaka filed a Complaint, asserting that Defendant Derek Kaaukai, a police officer in the County of Maui, had unlawfully searched her home and seized her cellular phone in violation of the federal Constitution.  *See* ECF No. 1.

On May 13, 2020, this court granted Tanaka's Application to Proceed in District Court Without Prepaying Fees or Costs.  *See* ECF No. 4.  The court's order directed the Clerk of Court to send Tanaka various documents that Tanaka was to fill out and turn over to the U.S. Marshals Service, which would then serve Kaaukai with the documents.  *Id.*

Five days later, on May 18, 2020, Tanaka filed a Motion for Summary Judgment, Temporary Restraining Order, and Preliminary Injunction.  *See* ECF No. 7.  This motion is denied without prejudice as premature pursuant to Local Rule 7.1(c),

which allows this court to decide all matters without hearings. It appears unlikely that Kaaukai has been served with a copy of the Complaint, Summons, or this motion. The Marshal was to begin by asking Kaaukai whether he would waive personal service and instead accept service by mail, and there has been insufficient time for all of that to be completed.

Tanaka says that, in any event, she served a copy of the motion on Maui's corporation counsel, whom Tanaka expects to represent Kaaukai. *See* ECF No. 7, PageID # 32. While this court sometimes does permit a motion for temporary restraining order to be mailed to opposing counsel even before formal service of the Complaint by the Marshal has occurred, that is typically in a situation involving the potential for imminent and irreparable harm to a claimant. Here, Tanaka's papers suggest that what she seeks to enjoin is what she describes as police surveillance of her. That alleged surveillance apparently takes the form of police cars driving down the street she lives on and turning around in a cul-de-sac at the end of the street. Even if a police car (or any car) driving down a public street repeatedly is annoying or even intimidating to a person who lives on that street, it is not clear to this court that driving on a public street, without more, should be enjoined. At the very least, it

is not immediately clear why this court should take action before formal service of the Complaint has occurred. Moreover, although police officers who are sued civilly are usually represented by a municipality's counsel, the record before this court does not indicate that Maui's corporation counsel is indeed representing Kaaukai in this case.

The court would like motions to be presented in an orderly fashion, with an opportunity for the opposing party to respond unless a showing is made that that would harm the moving party. Therefore, if Tanaka wants to proceed with her motion, that should occur after Kaaukai has been properly served with the Complaint, Summons, and motion.[1] The court now denies the motion, but does not mean thereby to foreclose consideration of the matters Tanaka moves on. Nor does the court want to create unnecessary work for Tanaka. The court recognizes that it could simply hold the motion in abeyance and then act on it after Kaaukai enters an appearance and responds to the motion. However, the situation may be evolving such that Tanaka might want to amend her papers, especially in light of the contents of

---

[1] Recognizing that Tanaka is a nonlawyer representing herself, this court assures Tanaka that, once Kaaukai's attorney enters the case, Tanaka may serve that attorney by mailing documents directly to the attorney. The Marshal is involved with service only at the commencement of a lawsuit, when the Complaint must be served.

this order.  Therefore, at this point, the court opts to deny the motion but if, after service by the Marshal has been accomplished, Tanaka still wants to proceed with her motion as presently submitted, all she has to do to revive the papers already on file is send the court a short note so stating.  She does not have to resubmit materials already on file.  Before Tanaka does revive any motion, however, she may want to consider whether her motion sufficiently demonstrates her entitlement to the relief she seeks.

With respect to any motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure states that summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Thus, if Tanaka seeks summary judgment with respect to a claim that a search warrant did not allow Kaaukai to search her phone or to force her to unlock her phone, Tanaka's motion should describe what happened and discuss why Kaaukai's actions were not allowed.  If Tanaka is claiming that Kaaukai knew the search warrant that had issued was not supported by probable cause, Tanaka should clearly explain the factual basis for her argument

4

as well as discuss why Kaaukai's actions were improper.  If, after reviewing Tanaka's and Kaaukai's briefs, this court determines that there are material questions of fact about what happened, this court must deny the summary judgment motion.  In adjudicating summary judgment motions, the court must view all evidence and inferences in the light most favorable to Kaaukai, as the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, this court will not determine disputed facts on a motion for summary judgment, leaving that determination instead for trial.  Thus, a motion for summary judgment should not rely on disputes about what occurred.

With respect to any motion seeking a temporary restraining order or a preliminary injunction, a moving party "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The Ninth Circuit has further explained "that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

5

complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See G. v. State of Haw., Dep't of Human Servs.*, 2009 WL 2877597 (D. Haw. Sept. 4, 2009).  Thus, if Tanaka wants this court to enjoin Kaaukai from conducting surveillance on her, she must tie that request to a claim asserted in the Complaint and demonstrate a likelihood that she will prevail on the merits of the claim, that she will be irreparably harmed without the issuance of the injunction, that the balance of equities tips in her favor, and that the issuance of the injunction would be in the public's interest.  Tanaka should examine whether she has presented her best case for injunctive relief when she makes only an allegation that Kaaukai plans to fabricate more search warrants because he is conducting surveillance on her.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 21, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Tanaka v Kaaukai*, Civ. No. 20-00205 SOM-RT; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION.