IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTY TANAKA, | ) Civ. No. 20-00205 SOM-RT |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S |
| vs. | ) MOTION FOR RECONSIDERATION |
| | ) |
| DEREK KAAUKAI, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On May 11, 2020, Plaintiff Kristy Tanaka filed a Complaint, asserting that Defendant Derek Kaaukai, a police officer in the County of Maui, had unlawfully searched her home and seized her cellular phone in violation of the federal Constitution.  *See* ECF No. 1.

On May 13, 2020, this court granted Tanaka's Application to Proceed in District Court Without Prepaying Fees or Costs.  *See* ECF No. 4.  The court's order directed the Clerk of Court to send Tanaka various documents that Tanaka was to fill out and turn over to the U.S. Marshals Service, which would then serve Kaaukai with the documents.  *Id.*

Five days later, on May 18, 2020, Tanaka filed a Motion for Summary Judgment, Temporary Restraining Order, and Preliminary Injunction.  *See* ECF No. 7.  On May 21, 2020, this court denied the motion without prejudice.  *See* ECF No. 8.  Because it did not appear from the record that Kaauikai had been

served with the Complaint and Summons in this case, the court reasoned that the motion was premature, but stated:

> if, after service by the Marshal has been accomplished, Tanaka still wants to proceed with her motion as presently submitted, all she has to do to revive the papers already on file is send the court a short note so stating. She does not have to resubmit materials already on file. Before Tanaka does revive any motion, however, she may want to consider whether her motion sufficiently demonstrates her entitlement to the relief she seeks.
>
> With respect to any motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure states that summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Thus, if Tanaka seeks summary judgment with respect to a claim that a search warrant did not allow Kaaukai to search her phone or to force her to unlock her phone, Tanaka's motion should describe what happened and discuss why Kaaukai's actions were not allowed. If Tanaka is claiming that Kaaukai knew the search warrant that had issued was not supported by probable cause, Tanaka should clearly explain the factual basis for her argument as well as discuss why Kaaukai's actions were improper. If, after reviewing Tanaka's and Kaaukai's briefs, this court determines that there are material questions of fact about what happened, this court must deny the summary judgment motion. In adjudicating summary judgment motions, the court must view all evidence and inferences in the light most favorable to Kaaukai, as

the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, this court will not determine disputed facts on a motion for summary judgment, leaving that determination instead for trial.  Thus, a motion for summary judgment should not rely on disputes about what occurred.

With respect to any motion seeking a temporary restraining order or a preliminary injunction, a moving party "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The Ninth Circuit has further explained "that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See G. v. State of Haw., Dep't of Human Servs.*, 2009 WL 2877597 (D. Haw. Sept. 4, 2009).  Thus, if Tanaka wants this court to enjoin Kaaukai from conducting surveillance on her, she must tie that request to a claim asserted in the Complaint and demonstrate a likelihood that she will prevail on the merits of the claim, that she will be irreparably harmed without the issuance of the injunction, that the balance of equities tips in her favor, and that the issuance of the injunction would be

3

> in the public's interest. Tanaka should
> examine whether she has presented her best
> case for injunctive relief when she makes
> only an allegation that Kaaukai plans to
> fabricate more search warrants because he is
> conducting surveillance on her.

*Id.*

On May 30, 2020, Tanaka filed an *ex parte* motion for reconsideration. *See* ECF No. 14. The entirety of the motion states, "On 5-21-20 This Court issued an order Based on lack of Service Coincidentally on 5-21-20 service was waived see attached."

This court will not grant a motion like Tanaka's on an ex parte basis. Tanaka should refrain from seeking rulings on an ex parte basis unless she can provide a reason that the usual adversarial process is inappropriate. An ex parte motion gives the other side no chance to weigh in. This is not to say that the court always waits for the other side to weigh in. When it is clear that a motion should be denied, it is not unusual for the court to act before the other side weighs in.

In any event, a "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court

to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).  Service on Kaaukai has now been accomplished, and Tanaka is back before this court.  It is not clear to the court that Tanaka is truly seeking reconsideration, given the cryptic comment that is the totality of her motion.  Possibly, although she uses the word "reconsideration" in her motion, Tanaka may intend to simply revive her earlier motion, as invited by the court.  In either event, the court turns now to the merits of her request for relief.  The court continues to have the concerns expressed in its earlier order.  Tanaka makes no attempt to address those concerns, but they are serious enough that they cause this court to now deny what Tanaka is calling a motion for reconsideration.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 1, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Tanaka v Kaaukai*, Civ. No. 20-00205 SOM-RT; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.